# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| NORMAN HUSAR, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br>v.<br><br>GENERAL MOTORS LLC, a Delaware limited liability company,<br><br>    Defendant. | Case No.: 1:21-cv-00204-MRB |

## PLAINTIFF'S MOTION FOR LEAVE TO CONDUCT ADDITIONAL LIMITED DISCOVERY

Plaintiff NORMAN HUSAR, individually and on behalf of all others similarly situated ("Plaintiff"), brings this motion for leave to conduct additional limited discovery directed to Defendant GENERAL MOTORS LLC ("Defendant") and certain of Defendant's vendors to clarify the scope of Plaintiff's proposed class definition, which includes all ACDelco products with a false country of origin designation, including the transmission filter purchased by Plaintiff. *See* Compl. ¶¶ 24–25, Dkt. 1.

Plaintiff learned in the limited discovery he has conducted to date that the transmission filter he purchased was, in fact, made in China and packaged in a box stating "Made in USA." *See* Email re. GMCCA Issue With Part # 25313825 #804087 at 2, attached hereto as Exhibit A. Plaintiff now seeks leave to conduct discovery into additional ACDelco products falsely stating "Made in USA."

For the reasons set forth more fully in the accompanying memorandum and exhibits attached hereto, the requested discovery is appropriate because Plaintiff has already obtained

documents and information showing that his individual claim has merit, and additional information regarding the scope of the class is necessary and appropriate. Copies of the proposed discovery requests directed to Defendant, and proposed subpoenas to Defendant's vendors, are attached hereto as <u>Exhibits F - I</u>.

                          Respectfully submitted,

By: */s/ Marc E. Dann*
     Marc E. Dann (0039425)
     Brian D. Flick (0081605)
     Michael A. Smith, Jr. (0097147)
     DANN LAW
     15000 Madison Avenue
     Lakewood, Ohio 44107
     (216) 373-0539 phone
     (216) 373-0536 facsimile
     notices@dannlaw.com

     Thomas A. Zimmerman, Jr.
     *tom@attorneyzim.com*
     ZIMMERMAN LAW OFFICES, P.C.
     77 West Washington Street, Suite 1220
     Chicago, Illinois 60602
     (312) 440-0020 telephone
     (312) 440-4180 facsimile
     www.attorneyzim.com
     *firm@attorneyzim.com*

     *Counsel for the Plaintiff and Putative Class*

# MEMORANDUM IN SUPPORT OF MOTION FOR LEAVE TO CONDUCT ADDITIONAL LIMITED DISCOVERY

## INTRODUCTION

Plaintiff requests leave to conduct additional limited discovery directed to Defendant and certain of Defendant's vendors to encompass all ACDelco products—not just Plaintiff's transmission filter—sold in Ohio for the time period beginning two years prior to the filing of the Complaint. The proposed discovery requests and subpoenas are attached hereto as Exhibits F - I.

## ARGUMENT

Rule 1 of the Federal Rules of Civil Procedure advocates for the just, speedy, and inexpensive determination of civil actions. Rule 23 provides that "at an early practicable time after a person sues or is sued as a class representative, the court must determine by order whether to certify the action as a class action." Fed. R. Civ. P. 23(c)(1)(A). Pursuant to these goals, Plaintiff requests a modest expansion of the limited scope of discovery in this case to include additional ACDelco products with false country of origin claims. As shown below, the request for additional discovery is justified by the facts Plaintiff has learned in discovery to date.

Plaintiff's lawsuit arises out of his purchase of an ACDelco automatic transmission filter (part #25313825) falsely stating "Made in USA," when the product was actually made in China. Compl. ¶¶ 20–21, Dkt. 1. On May 21, 2021, Defendant filed a motion to dismiss certain claims and to strike Plaintiff's class allegations. Dkt. 15. The motion was fully briefed on August 16, 2021, and is pending a ruling.

On August 26, 2021, the Court entered a Notation Order in response to the Rule 26(f) report submitted by the parties, directing that, pending a ruling on the motion to dismiss, discovery is limited to the automatic transmission filter that Plaintiff purchased (part #25313825), and limited to Ohio for the period beginning two years prior to the filing of the Complaint. In accordance with

1

the Notation Order, Plaintiff propounded written discovery on Defendant, and issued subpoenas for documents on third parties identified as suppliers of Plaintiff's product, including: (1) Filtran LLC ("Filtran"), the manufacturer of the automatic transmission filter Plaintiff purchased; (2) Stephen Gould Corp. ("Stephen Gould"), the company identified by Filtran's counsel as the packager of the "kit assembly" since 2016; and (3) Boutwell Packaging Co. ("Boutwell") (now Oliver, Inc.), the company from whom Filtran purchased the packaging and who delivered the packaging to Stephen Gould for "kitting." *See* December 6, 2021 letter from Michael Kanute, attached hereto as Exhibit B.

In response to Plaintiff's written discovery requests, Defendant identified China as the country of origin of the automatic transmission filter purchased by Plaintiff. *See* Def.'s Answers to Pl.s' Interrogs., attached hereto as Exhibit C. Filtran's counsel stated that the automatic transmission filter purchased by Plaintiff had been manufactured in China since "the early 2000s" with the approval of Defendant. Kanute letter at 1, Exhibit B.

Defendant and its suppliers also produced documents establishing that Plaintiff's filter was packaged in a box clearly and falsely identifying the country of origin with the claim "Made in USA." There is consensus among Defendant and its vendors that Plaintiff's claims are supported by the facts. On March 25, 2021 (the day this lawsuit was filed), Bruce English, an engineer for Defendant, instructed Filtran as follows:

> …The Country of Origin for part #25313825 was declared by your organization as China on the affidavit you submitted … but the inner cartons say 'Made in USA' under the part UPC 'A' barcode. Please immediately check your records, correct any stock you have in-house to remove this 'Made in USA' designation, and verify that your printing equipment has the correct Country of Origin for this part number. Additionally, any other part numbers you supply to GMCCA should be checked for similar issues.

*See* Exhibit A at 2.

Barb Raftis, customer service manager at Filtran, acknowledged that the automatic transmission filter "carton has USA ... [but] China is correct." Exhibit A at 2.

Jomayda Torres, account coordinator at Stephen Gould, confirmed that "[t]he filter said Made in China, but their cartons said made in USA." *See* Email re. 804087 at 1, attached as Exhibit D. Ms. Torres shared the following photographs with her colleagues at Stephen Gould:



Boutwell (now Oliver, Inc.) produced to Plaintiff in response to a subpoena what appear to be the actual plates used to print the part number, bar code, and country of origin onto the ACDelco product packaging. *See* Letter from Adam Reich and Oliver_000003, attached hereto as Exhibit E. There is a noticeable blank spot in the image below the bar code where the "Made in USA" statement would be printed. *Id*. (zoomed in below):



3

Plaintiff is conducting additional discovery to obtain the country of origin plates used by Boutwell.

Based on the foregoing documents and discovery responses, there is no dispute that Plaintiff's claims have merit relating to the ACDelco automatic transmission filter product (part #25313825) that Plaintiff purchased.

Mr. English raised the prospect that "similar issues" might be impacting other ACDelco parts (Exhibit A at 2), and the documents and discovery support enlarging discovery to include other ACDelco products. Ms. Torres stated that ACDelco products made in Mexico were falsely labeled as being made in the USA or made in Germany, and that Stephen Gould had to place "Made in Mexico" stickers on the product packaging to cover up the "Made in USA" or "Made in Germany" statements. Exhibit A at 1. This shows ACDelco products made in Mexico were being sold in packaging falsely stating "Made in USA" for periods of time before the corrective adhesive labels were manually placed on the product packaging.

Ms. Torres also stated that "Made in China" stickers were never made at any time prior to this lawsuit. Exhibit A at 1. Thus, it appears that all ACDelco products (not just Plaintiff's transmission filter) made in China but packaged in a box that said "Made in USA" bore false country of origin claims, as Stephen Gould never covered the false "Made in USA" statement on any product packaging with a "Made in China" sticker.

Given these newly discovered facts suggesting that other ACDelco products from Mexico and China were mislabeled, Plaintiff requests leave to conduct additional discovery to learn the scope of Defendant's false country of origin claims for all ACDelco products.

The requested expansion of discovery is timely and relatively modest. Plaintiff does not propose at this time to enlarge the temporal and geographic limitations set forth in the Notation

4

Order—the discovery would still be limited to Ohio for the two year period prior to the filing of the Complaint. Plaintiff simply seeks to enlarge the scope of discovery to include all ACDelco products—not just Plaintiff's transmission filter—in Ohio for the two year period prior to the filing of the Complaint.

In addition, the requested discovery is not unduly burdensome in light of Mr. English's direction to Defendant's vendors (on the day this lawsuit was filed) that they check their records and correct any mislabeled stock. Exhibit A at 2. Because any other part numbers that Filtran supplies to Defendant were supposed to be "checked for similar issues," the additional responses should take minimal effort at this point.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court enlarge the scope of discovery to include all ACDelco products sold in Ohio for the two year period prior to the filing of the Complaint, and that the Court grant such other relief as the Court deems appropriate.

Respectfully submitted,

By: /s/ Marc E. Dann
Marc E. Dann (0039425)
Brian D. Flick (0081605)
Michael A. Smith, Jr. (0097147)
DANN LAW
15000 Madison Avenue
Lakewood, Ohio 44107
(216) 373-0539 phone
(216) 373-0536 facsimile
notices@dannlaw.com

Thomas A. Zimmerman, Jr.
tom@attorneyzim.com
ZIMMERMAN LAW OFFICES, P.C.
77 West Washington Street, Suite 1220

        Chicago, Illinois 60602
        (312) 440-0020 telephone
        (312) 440-4180 facsimile
        www.attorneyzim.com
        *firm@attorneyzim.com*

        *Counsel for the Plaintiff and Putative Class*

## CERTIFICATE OF SERVICE

I hereby certify that a true and accurate copy of the foregoing was filed on March 3, 2022, using the Court's CM/ECF system, which will provide notice of the filing to all counsel of record.

        */s/ Marc E. Dann*
        Marc E. Dann (0039425)